UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BRIGHT KIDS NYC INC.,                                           :
                                                                :
                              Plaintiff,                        :            19-CV-1175 (JMF)
                                                                :
             -v-                                                :            ORDER
                                                                :
TAYLOR KELLY, et al.,                                           :
                                                                :
                              Defendants.                       :
                                                                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

No later than **March 2, 2020**, Plaintiff Bright Kids NYC Inc. and Defendant Alina Adams shall submit supplemental memoranda of law, not to exceed five pages each, addressing the following question: Whether Plaintiff's allegations satisfy the continuity element of a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). *See, e.g.*, *Patrizzi v. Bourne in Time, Inc.*, No. 11-CV-2386 (PAE), 2012 WL 4833344, at *4 (S.D.N.Y. Oct. 11, 2012) ("[Plaintiff] fails to satisfy the required continuity element of a RICO claim, because the scheme he alleges is too narrow, and the victims too few, to constitute a continuous pattern."); *Evercrete Corp. v. H-Cap Ltd.*, 429 F.Supp.2d 612, 624-25 (S.D.N.Y. 2006) ("Courts have uniformly and consistently held that schemes involving a single, narrow purpose and one or few participants directed towards a single victim do not satisfy the RICO requirement of a closed or open pattern of continuity." (internal quotation marks and citation omitted)); *see also, e.g.*, *DTC Energy Group, Inc. v. Hirschfeld*, No. 17-CV-1718 (PAB)(KLM), 2019 WL 4695743, at *12 (D. Colo. 2019) (holding that the plaintiff's allegation that it was the sole target of the defendant's scheme involving the misappropriation of trade secrets failed to establish continuity). *But see also, e.g.*, *Brand Energy & Infrastructure Services, Inc. v. Irex Contracting Group*, No. 16-2499, 2017 WL 1105648, at *12 (E.D.Pa. Mar. 24, 2017) ("There is

also a threat that the DTSA violations will continue because, allegedly, the defendants continue to use Brand's trade secrets in their business affairs at Irex. These allegations alone are sufficient to constitute a 'pattern of racketeering activity' under RICO."); *General Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 670, 676-78 (E.D. Mich. 1996) (finding continuity where the plaintiff alleged a RICO scheme involving the misappropriation of trade secrets); *Gould, Inc. v. Mitsui Min. & Smelting Co., Ltd.*, 750 F. Supp. 838, 840 (N.D. Ohio 1990) (same).

SO ORDERED.

Dated: February 20, 2020
New York, New York

JESSE M. FURMAN
United States District Judge