UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BRIGHT KIDS NYC INC.,                                                   :
                                                                        :
                                Plaintiff,                              :    19-CV-1175 (JMF)
                                                                        :
                -v-                                                     :    MEMORANDUM OPINION
                                                                        :    AND ORDER
TAYLOR KELLY, et al.,                                                   :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Bright Kids NYC, Inc. ("Bright Kids"), having settled its claims against all Defendants except Alina Adams, moves, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss its claims *with* prejudice against Adams and, upon such dismissal, for an order declining to exercise supplemental jurisdiction over Adams's state-law counterclaims. *See* ECF No. 142. Adams opposes, citing the attorney's fees and costs that she has incurred defending against what she alleges are meritless claims. *See* ECF No. 138.

      Upon review of the parties' submissions, Bright Kids's motion is GRANTED substantially for the reasons set forth in its motion papers. *See* ECF Nos. 139, 142. There is authority for the proposition that a district court must grant a plaintiff's request to dismiss its own claims *with* prejudice. *See, e.g.*, *Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964). At a minimum, however, "a motion for voluntary dismissal *with* prejudice is generally subject to far less scrutiny" and should be denied only where "voluntary dismissal will be unduly prejudicial to the defendants." *Farmer v. Indyke*, No. 19-CV-10475 (LGS), 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021) (cleaned up). Here, the Court's sympathy for Adams notwithstanding, there is no basis to conclude that voluntary dismissal will cause her undue prejudice. She cites only the fees and costs that she has incurred, but — aside from the fact that these are sunk costs — "when a

lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a)(2), attorney's fees" are "almost never . . . awarded" absent "independent statutory authority for such an award," *Colombrito v. Kelly*, 764 F.2d 122, 133-34 (2d Cir. 1985), and no such authority is offered here.[1] There is good reason for that rule: "[T]he defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award." *Colombrito*, 764 F.2d at 134.

In opposing dismissal, Adams relies solely on the factors set forth in *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990), namely (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss. Courts typically apply the *Zagano* factors, however, in evaluating whether voluntary dismissal *without* prejudice is appropriate or whether dismissal should be with prejudice. As the Second Circuit has explained, "where no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). Accordingly, Bright Kids's motion to dismiss its own claims against Adams *with* prejudice is GRANTED.

---

[1] Adams does not argue that the prospect of having to refile her counterclaims in state court — discussed above — qualifies as undue prejudice, but any such argument would fail. *See, e.g.*, *HOV Servs., Inc. v. ASG Techs. Grp., Inc.*, No. 18-CV-9780 (PKC), 2021 WL 355670, at *2 (S.D.N.Y. Feb. 2, 2021) ("Dismissal of the federal claims that results in the Court's declination of supplemental jurisdiction and requires the parties to litigate the action in state court does not amount to legal prejudice for purposes of Rule 41(a)(2).").

That leaves only Adams's counterclaims, which are brought under state law. Pursuant to Title 28, United States Code, Section 1367, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Supreme Court and the Second Circuit have made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'" *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, Adams's conclusory assertion to the contrary, *see* ECF No. 138, at 2 n.1, there is no basis to depart from that general rule as the parties have not moved for summary judgment, the Court has not considered Adams's claims on the merits, and the case is far from trial ready, *see, e.g.*, *HOV Servs.*, 2021 WL 355670, at *3. Accordingly, Adams's state-law counterclaims are dismissed without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c); *see also, e.g.*, *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) (recognizing that if a plaintiff's federal claims are dismissed before trial and there has not been a substantial expenditure of resources on the state claims, the latter should generally be dismissed as well).[2]

---

[2] Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." The Rule does not, however, require the Court to exercise supplemental jurisdiction after dismissal of Bright Kids's claims. *See, e.g.*, *Temurian v. Piccolo*, No. 18-CV-62737, 2020 WL 4561216, at *2 (S.D. Fla. May 1, 2020) ("Because Defendants' counterclaims can remain pending following dismissal of Plaintiffs' claim, although this Court will decline to exercise supplemental jurisdiction of Defendants' counterclaims, this comports with the requirements of Rule 41(a)(2)."). Adams does not contend otherwise and, thus, has forfeited any such argument.

3

The Clerk of Court is directed to terminate ECF No. 140 and close this case.

SO ORDERED.

Dated: September 2, 2021
      New York, New York

_____
JESSE M. FURMAN
United States District Judge